UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JPT Group, LLC** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **Aerogroup International, LLC** § | CASE NO: | |
| § | | |
| Defendant. § | | |
| § | JURY DEMANDED | |
| § | | |
| § | | |
| § | | |

**PLAINTIFF JPT GROUP'S ORIGINAL COMPLAINT**

JPT Group, LLC ("JPT"), for its complaint of patent infringement against defendant Aerogroup International, LLC ("Aerogroup"), alleges as follows:

**NATURE OF THE ACTION**

1. JPT owns the Bernardo brand ("Bernardo"). Bernardo is an iconic American fashion brand. Since 1946, the Bernardo brand has inspired the women's sandal market with its sophisticated and inspirational designs. Today Bernardo's sandal designs are among the most distinctive and well known in the footwear industry. Bernardo's patented designs are the result of significant investments in the Bernardo brand, innovative design work and product development.

2. Under the Aerosoles brand name, the Aerogroup has copied the innovative designs of the Bernardo brand and engaged in production and distribution of infringing products through Aerosoles and third party branded retail and online stores. Rather than undertaking its own

independent development, the Aerogroup slavishly copied Bernardo's innovative designs, violating JPT's valuable intellectual property rights embodied by Bernardo branded products.

## THE PARTIES

3. Plaintiff JPT Group, LLC is a Delaware limited liability company having a principal place of business in Winter Park, Colorado.

4. On information and belief, Aerogroup International, LLC is a Delaware limited liability company with a principal place of business at 201 Meadow Road, Edison, New Jersey 08817.

## JURISDICTION & VENUE

5. This action arises under the patent statutes of the United States, 35 U.S.C. § 271 *et seq*. Accordingly, the Court has federal question jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a).

6. The court has personal jurisdiction over the Aerogroup because it has conducted and does conduct business within the State of Texas and this District.

7. Upon information and belief, the Aerogroup has existing business relationships in Texas and the District through its expansive sales and distribution channels, which includes at least Macy's, DSW and Famous Footwear and their respective retail locations within the District. The Aerogroup has purposefully directed business activities to Texas' consumers through these business relationships, their retail stores and various websites owned and/or controlled by the Aerogroup and third parties.

8. Upon information and belief, the Aerogroup committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and has and continues to purposefully place infringing products into the stream of commerce.

9. Upon information and belief, the Aerogroup, either directly or through distributors, franchisees, resellers and/or others, ships, distributes, offers for sale, sells and markets products

in the United States, the State of Texas and this District. Upon information and belief, Aerogroup expects their actions to have consequences within this District, derives substantial revenue from the sale of infringing products and interstate commerce within this District. The acts by Aerogroup caused injury to JPT within this District.

10.     Venue is properly within this District in accordance with 28 U.S.C. § 1391 (b) and (c) and § 1400 (b).

## FACTS AND BACKGROUND

**The JPT Patents**

11.     On November 25, 2008, United States Patent No. D581,149 (the "'D149 Patent") entitled Sandal was duly and legally issued. A copy of the 'D149 Patent is attached as Exhibit A and incorporated herein.

12.     On September 23, 2008, United States Patent No. D577,182 (the "'D182 Patent") entitled Sandal was duly and legally issued. A copy of the 'D182 Patent is attached as Exhibit B and incorporated herein.

13.     The above referenced patents relate to the sandal designs claimed in the 'D149 Patent and 'D182 Patent (collectively the "JPT Patents"). JPT owns all right, title and interest in and to the JPT Patents by assignment dated February 11, 2014.

**The Aerogroup Infringes the JPT Patents**

14. As the representative side-by-side comparisons shown below reveal, the Aerogroup misappropriated JPT's patented sandal designs in the accused products, including through its *Chlambake* sandals as depicted below (the "Accused Products").

| 'D149 Patent | 'D182 Patent | Chlambake |
|---|---|---|
|  |  |  |

15. On information and belief, the Aerogroup contracted with suppliers to have manufactured in China the Accused Products for sale in the U.S., Texas and this District. Shortly after manufacturing, the Aerogroup began importing the Accused Products into the U.S., Texas and this District for sale through Aerosoles and third party branded retail and online stores.

16. On information and belief, the Aerogroup prominently displayed and marketed, and caused to be displayed and marketed, the Accused Products in retail store locations and online.

17. On information and belief, the Aerogroup has sold and continues to sell significant volumes of the Accused Products through its expansive sales and distribution channels throughout the U.S., Texas and this District.

18. JPT has complied with the statutory requirement of placing a notice of the JPT Patents on its products that embody the JPT Patents. On information and belief, the Aerogroup had notice of its infringement and the JPT Patents through JPT's statutory product marking, the Aerogroup's procurement of related patent footwear patents, and/or the Aerogroup's monitoring of patents in connection with its release of new products.

**Patent Infringement**

19. JPT incorporates herein the allegations set forth in Paragraphs 1 through 18 above.

20. Under 35 U.S.C. §§ 271 *et seq.*, the Aerogroup has directly infringed the JPT Patents by the manufacture, use, sale, offer for sale, and importation of the Accused Products or alternatively by contributing or inducing others to manufacture, use, sell, offer for sale, and import the Accused Products, literally and/or under the doctrine of equivalents.

21. Upon information and belief, the Aerogroup has applied the designs of the JPT Patents, or a colorable imitation thereof, to the Accused Products for the purpose of sale, and/or selling or exposing for sale the Accused Products.

22. On information and belief, the Aerogroup will continue to infringe the claims of the JPT Patents unless enjoined by this Court.

23. JPT has been damaged and will continue to be damaged by the Aerogroup's infringing acts.

24. On information and belief, the Aerogroup was actually aware of the JPT Patents and willfully committed acts of infringement.

**JURY DEMAND**

25. JPT demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, JPT prays the Court to:

(a) grant a permanent injunction against the Aerogroup's continued infringement;

(b) award damages for the Aerogroup's infringement of the JPT Patents under 35 U.S.C. § 284 or § 289;

(c) in the event JPT elects to collect damages under 35 U.S.C. § 284, find that the Aerogroup's infringement has been willful and increase such damages to three times the awarded amount;

 (d) award prejudgment and post judgment interest;

 (e) find that this case is an exceptional case under 35 U.S.C. § 285 and award attorneys' fees;

 (f) award costs; and

 (g) grant all other relief to which JPT is entitled.

Date: September 2, 2014

  Respectfully submitted,

  /s/ J. Reid Bumgarner
  J. Reid Bumgarner
  State Bar No. 24053118
  Bumgarner Law P.C.
  3050 Post Oak Boulevard, Suite 640
  Houston, Texas 77056
  Telephone: 713/893-7255
  Email: jrb@bumgarnerpc.com

  For Plaintiff JPT